# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON GERAY,<br><br>        Plaintiff,<br><br>    v.<br><br>J.R. ANDREWS, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:03-cv-05890-AWI DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO EXHAUST BE GRANTED<br><br>(Doc. 41)<br><br>OBJECTIONS DUE AUGUST 27, 2007 |

I.  <u>Findings and Recommendations Addressing Defendant's Motion to Dismiss</u>

    A.  <u>Procedural History</u>

Plaintiff is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's amended complaint, filed August 21, 2003, against defendants Andrews, Beebe, Berry, Galaviz, Hernandez, Mazon-Alec, Scribner and Weaver for the denial of outdoor exercise, in violation of the Eighth Amendment. On October 17, 2006, pursuant to the unenumerated portion of Federal Rule of Civil Procedure 12(b), defendants filed a motion to dismiss based on plaintiff's failure to exhaust the available administrative remedies in compliance with 42 U.S.C. § 1997e(a). Defendants also argue the complaint fails to state a claim upon which can be granted. Plaintiff filed an opposition on April 18, 2007 and defendants filed a reply on April 24, 2007.

    B.  <u>Legal Standard</u>

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

1  confined in any jail, prison, or other correctional facility until such administrative remedies as are
2  available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available
3  administrative remedies prior to filing suit. Jones v. Bock, 127 S.Ct. 910, 918-19 (2007); McKinney
4  v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief
5  sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S.
6  731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life,
7  Porter v. Nussle, 435 U.S. 516, 532 (2002).

8       Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative
9  defense under which defendants have the burden of raising and proving the absence of exhaustion.
10  Jones, 127 S.Ct. at 921; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to
11  exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated
12  Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza
13  v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)).
14  In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look
15  beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the court
16  concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is
17  dismissal without prejudice. Id.

18      C.    Discussion

19       The California Department of Corrections has an administrative grievance system for
20  prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2007). The process is initiated by submitting
21  a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal
22  level, first formal level, second formal level, and third formal level, also known as the "Director's
23  Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being
24  appealed, and the process is initiated by submission of the appeal to the informal level, or in some
25  circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). In order to satisfy section
26  1997e(a), California state prisoners are required to use this process to exhaust their claims prior to
27  filing suit. Woodford v. Ngo, 126 S.Ct. 2378, 2383 (2006); McKinney, 311 F.3d at 1199-1201.
28       In his amended complaint, plaintiff alleges that he filed an inmate appeal and completed the

grievance process.

In their motion, defendants argue that they are entitled to dismissal of this action because plaintiff failed to pursue his appeal to the third and final level of review. In support of their motion, defendants submit evidence that plaintiff received a first formal level decision and a second level decision, but when he filed the appeal at the Director's level, it was rejected as untimely. Grannis Dec. E. A, ¶5. Because plaintiff failed to comply with the CDCR's grievance procedure, defendants argue, he failed to exhaust his claim and this action should be dismissed. *See* Woodford v. Ngo, 126 S.Ct. 2378, 2383 (2006)

Defendants have met their burden as the parties moving for dismissal. The burden therefore shifts to plaintiff. Plaintiff may not simply rely on allegations in the complaint, and must instead, oppose the motion by setting forth specific facts in declaration(s) and other evidence regarding the exhaustion of administrative remedies. See Fed. R. Civ. P. 43(e); Ritza, 837 F.2d at 369.

In his opposition, plaintiff attaches the letter dated January 15, 2004, from Mr. Grannis, returning his appeal and explaining that the appeal must be submitted within 15 workings days of the event or decision being appeal. Plaintiff's Opp., Ex. A1f. Plaintiff asserts that submission of the appeal to the Director's level constitutes exhaustion.

"[P]roper exhaustion of administrative remedies is necessary" and the exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective . . . appeal." Woodford v. Ngo, 126 S.Ct. 2378, 2382 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . . ." Id. at 2386. Plaintiff has submitted no evidence that he timely submitted the appeal to the Director's Level of review for consideration. Moreover, even if the letter from Grannis satisfied the exhaustion requirement, the letter is dated, January 15, 2004, more than 6 months after this action was filed. In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims *prior* to filing suit. Woodford v. Ngo, 126 S.Ct. 2378, 2383 (2006); McKinney, 311 F.3d at 1199-1201. Accordingly, defendants are entitled to dismissal of this action based on plaintiff's failure to exhaust.

///

D.  Conclusion

Based on the foregoing, the court HEREBY RECOMMENDS that defendants' motion to dismiss for failure to exhaust, filed October 17, 2006, be GRANTED, and this action be dismissed, without prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). On or before August 27, 2007, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **August 1, 2007**           **/s/ Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE